IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHERINE DOROTHEA WATSON, as Guardian for KORTNEY LaMON LEWIS, an incapacitated person, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. CIV-04-537-C |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Strike and Exclude Experts Goforth and Malcher (Dkt. No. 68). Plaintiff contends that the testimony of these purported experts is inadmissible because they did not provide an expert report as required by Fed. R. Civ. P. 26(a)(2)(B) and the failure is neither harmless nor substantially justified. See Fed. R. Civ. P. 37(c). Defendant responds that neither witness is required to submit a report because they were not persons "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." See Fed. R. Civ. P. 26(a)(2)(B). Both physicians are employed by the Bureau of Prisons, with Goforth as the medical director of the Oklahoma City Federal Transfer Center and Malcher as the medical director of FCI-El Reno. Malcher was also actually involved in the treatment and care at the heart of this dispute.

It is well-accepted that a treating physician is not required to submit an expert report so long as the physician does not purport to testify beyond the scope of the diagnosis and treatment.  See Fed. R. Civ. P. 26(a)(2) advisory committee's note (1993) (stating that "[a] treating physician . . . can be deposed or called to testify at trial without any requirement for a written report").  Defendant has indicated that Malcher's testimony will be confined to opinions based on her actual involvement in Plaintiff's medical care.  (Def.'s Resp., Dkt. No. 72, at 11.)  Thus, Plaintiff's motion to strike based on the failure to provide an expert report is without merit.

Goforth, however, was not Plaintiff's treating physician.  Defendant contends that Goforth is permitted to testify under the "employee-expert" exception as Goforth does not regularly give expert testimony as part of his duties.[*]  Defendant intends for Goforth to testify about the delivery of care in a prison setting and for him to give his opinion about whether the United States met that standard of care when it treated Plaintiff.

Goforth is not required to submit an expert report under the plain language of Rule 26.  Further, Plaintiff will have the opportunity to inquire into Goforth's opinions and the bases and reasons therefore at Goforth's deposition, which is currently scheduled for May 6.  Finally, whether Goforth may testify about or rely upon documents not produced by Defendant as required by Rule 26 is not the subject of this motion.  Plaintiff's motion was

---

[*] Defendant does not support this assertion with an affidavit or other evidence indicating what duties are or are not within Goforth's position as medical director.  However, Plaintiff has not contested this assertion in her reply.  Accordingly, the Court accepts this statement as true.

based upon Defendant's failure to produce an expert report. No expert report is necessary. Thus, Plaintiff's motion to strike (Dkt. No. 68) is denied.

IT IS SO ORDERED this 5th day of May, 2005.

ROBIN J. CAUTHRON
United States District Judge