IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHERINE DOROTHEA WATSON, as Guardian for KORTNEY LaMON LEWIS, an incapacitated person, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. CIV-04-537-C ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

On Friday, April 29, 2005, Plaintiff filed a motion for sanctions, seeking the exclusion of two documents Defendant had attached to a filing the day before. According to Plaintiff, these documents should have been produced sooner in discovery and Defendant's late production and use of the documents is sanctionable.

Plaintiff acknowledges that her counsel did not conduct a good faith conference with Defendant's counsel before filing the motion. Plaintiff also acknowledges that a good faith conference is required under Local Rule 37.1 before Defendant may file a motion pursuant to Fed. R. Civ. P. 26 and 37.

Plaintiff attempts to excuse this obvious non-compliance with the Local Rules by claiming that her counsel tried five times to reach Defendant's counsel with no return call. Defendant has indicated that its counsel was unable to return the call because its counsel were out of the office Friday afternoon, during which apparently all five of Plaintiff's counsel's phone calls were placed.

Local Rule 37.1 states that the "Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel" have conducted a good faith conference. LCvR37.1.  Plaintiff's reasons for excusing compliance with the local rule are unavailing.  The documents were apparently produced several weeks ago.  Despite the use of the documents in Defendant's response, there was no urgency requiring the motion for sanctions to be filed the next day, on a Friday afternoon, without waiting at least a reasonable amount of time for a return call from Defendant's counsel.  This is especially true since Plaintiff would not be prejudiced by their attachment, having also sought and received leave to file a reply based largely on Defendant's attachment of these documents to its Response.

Compliance with Local Rule 37.1 is required to prevent instances such as these, where one party reacts to something done by the other party and hastily gets the Court involved in what is often only a misunderstanding or a problem that can be resolved through compromise.  Only when the parties have had an opportunity to confer "in good faith" and are unable to resolve the dispute does it become ripe for adjudication.  Obviously, this is not the case here.

## CONCLUSION

Because Plaintiff did not attach the required certification under Local Rule 37.1, her Motion for Sanctions (Dkt. No. 74) is STRICKEN.

IT IS SO ORDERED this 25th day of May, 2005.

ROBIN J. CAUTHRON
United States District Judge