IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

KATHERINE DOROTHEA WATSON, )
as Guardian for KORTNEY LaMON )
LEWIS, an incapacitated person, )
 )
    Plaintiff, )
 )
  vs. )  No. CIV-04-537-C
 )
UNITED STATES OF AMERICA, )
 )
    Defendant. )

**MEMORANDUM OPINION**

Before the Court is Plaintiff's Objections to the Bill of Costs.  Defendant filed a

Response and the matter is now at issue.  Plaintiff objects to the costs awarded by the Court

Clerk, arguing they were improperly entered and/or they are unreasonable under 28 U.S.C.

§ 1920.  Plaintiff's objections are without merit.

Defendant filed its Bill of Costs on August 4, 2005, and on August 5, 2005, the Court

Clerk set the matter for hearing on September 8, 2005.  When Plaintiff failed to file a timely

written objection, the Court Clerk, in accordance with LCvR 54.1, awarded the costs in full.

Plaintiff's counsel now objects, claiming he was unaware of the need to file a written

objection when the matter had been set for hearing.

Local Rule 54.1 is unquestionably clear.  In pertinent part it states:  "If a bill of costs

is properly and timely filed and no written objection thereto is filed within the time herein

specified, the claimed costs may be allowed in full."  LCvR 54.1  Further, the Notice of

Hearing issued by the Court Clerk stated:  "If there is no written objection filed to the Bill of

Costs pursuant to Local Rule 54.1, the Clerk's Office will tax same in accordance with the

Federal Rules of Civil Procedure and our Local Rules; and your appearances at such hearing

will not be necessary." It is difficult to accept counsel's claim of ignorance of the requirement

to file a written objection; nevertheless, it is readily apparent that although the failure to object

was due to counsel, the obligation to pay the costs will fall to Plaintiff. The Court will

therefore consider the merits of the objection to protect Plaintiff from unfairly bearing the

burden of counsel's error.

Plaintiff objects to the witness fees awarded for expenses related to Dr. Malcher, Dr.

Goforth, and Mr. England. Although the Objection is less than clear, it appears to be based

on the fact that Plaintiff had also paid these witnesses for their appearance and that none of

the witnesses indicate they lost pay as a result of their attendance at trial. Plaintiff's objection

offers no legal authority in support of either argument. The Court has been unable to locate

any authority in support of either objection and Plaintiff's objection on this issue will be

denied.

Plaintiff also objects to the award of $2,495.50 in copying expenses for records from

Kindred Hospital. According to Plaintiff, these records were irrelevant and therefore should

be disallowed. Once again, Plaintiff's argument is without merit. As Defendant notes, given

the nature of Plaintiff's claims and the damages sought, the records were necessary for the

case. Plaintiff's objection on this issue will be denied.

Although Plaintiff has failed to raise a valid objection, the Court has an obligation to

consider the propriety of a cost award and the discretion to modify or reject it. See

Fed. R. Civ. P. 54(d); <u>see</u> <u>also</u> <u>Delta Air Lines, Inc. v. August</u>, 450 U.S. 346, 353 (1981)

(recognizing Court's discretion under Fed. R. Civ. P. 54(d)).  However, the discretion to deny

an award to a prevailing party should only be exercised when an award of costs would create

an injustice.  <u>See</u> <u>Cherry v. Champion Int'l Corp.</u>, 186 F.3d 442, 446 (4th Cir. 1999).  Here,

the Court finds the costs awarded to Defendant are unjust.  Plaintiff brought this action in

good faith and although the Court ruled in favor of Defendant, it was a close question.

Further, it is clear that Plaintiff's need to care for Mr. Lewis places such a significant burden

on her finances that the additional burden from an award of costs is unduly prejudicial.  <u>See</u>

<u>In re Paoli R.R. Yard PCB Litigation</u>, 221 F.3d 449, 463 (3d Cir. 2000) (recognizing the most

significant factor in determining whether to deny costs is the losing party's indigency or

inability to pay).

     As set forth more fully herein, Plaintiff's Objections to the Bill of Costs (Dkt. No. 126)

is DENIED in part and GRANTED in part.  For the reasons set forth above, the Clerk's

Taxation of Costs (Dkt. 125) is VACATED.  Each party shall bear their own costs in this

matter.

     IT IS SO ORDERED this 22nd day of September, 2005.


ROBIN J. CAUTHRON
United States District Judge

3